While I concur with the majority's decision finding plaintiff is not permanently and totally disabled and finding that both Dr. Turner and Dr. Voos are authorized to treat plaintiff's compensable injury, I respectfully disagree with the majority finding that plaintiff has reasonably cooperated with vocational rehabilitation.
Ms. Thomas has recommended plaintiff attend classes in an effort to obtain a general equivalency diploma which would then open up more job possibilities to plaintiff. While plaintiff is taking two classes per week at night, Ms. Thomas recommended plaintiff begin taking morning classes four times a week to speed up the process toward a GED. Plaintiff requested Dr. Turner write an excuse indicating plaintiff could not take classes in the morning due to the effects of his pain medication. However, Dr. Turner testified that it would be possible to alter the medication schedule to allow plaintiff to be more attentive during the morning. Plaintiff has not shown any willingness to change his medication schedule to allow for morning GED classes and a quicker route to obtaining his GED and ultimately a new job.
Further, Ms. Thomas recommended plaintiff attend the East Carolina Vocational Center (ECVC) to see what other types of work plaintiff was capable of utilizing lighter types of tasks than his past work history. When plaintiff learned of the requirement to wear close-toed shoes for the program, he again requested from Dr. Turner an excuse from the program indicating that plaintiff could only wear open-toed shoes due to dysesthetic pain. Dr. Lesitini testified that *Page 15 
plaintiff should wear normal footwear in an attempt to desensitize the pain.
For these, reasons, I believe plaintiff should be ordered to comply with vocational rehabilitation as his actions have shown a pattern of uncooperative conduct to any attempt to return plaintiff to the workforce.
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1